NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RYAN ONEAL,

          Plaintiff - Appellant,

  v.

STEPHEN ROBERTS,

          Defendant - Appellee.

No. 23-15429

D.C. No.
2:20-cv-01732-SPL-MTM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Submitted February 6, 2025[**]
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

Plaintiff-Appellant, Ryan Oneal, appeals the district court's grant of summary

judgment in favor of Defendant-Appellee, Sergeant Stephen Roberts. We have

jurisdiction under 28 U.S.C. § 1291. We review grants of summary judgment de

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo. *See Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008) (citation omitted). For the following reasons, we affirm the judgment of the district court.

Plaintiff raises two issues on appeal: (1) whether the district court erred by granting Roberts qualified immunity for his alleged use of excessive force against Oneal and (2) whether there is a genuine dispute as to whether Plaintiff experienced neuromuscular incapacitation (NMI) while he was tased for pain compliance.

1.      Plaintiff's excessive force claims present two sub-issues: (1) Roberts's initial tasing of Oneal; and (2) Defendant's tasing of Plaintiff while he was prone.

First, without deciding whether Sergeant Roberts's initial Taser use was excessive, *see Pearson v. Callahan*, 555 U.S. 223, 236 (2009), we conclude that Oneal did not satisfy his "burden of showing that the right at issue was clearly established." *Emmons v. City of Escondido*, 921 F.3d 1172, 1174 (9th Cir. 2019) (per curiam) (citation omitted). Both on appeal and before the district court, Oneal cited cases generally holding that the use of a Taser against an individual displaying passive or no resistance constitutes excessive force. *See*, *e.g.*, *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1092–96 (9th Cir. 2013). But in *Jones v. Las Vegas Metropolitan Police Department*, we held that a police officer acted reasonably when he used a Taser in dart mode to "subdue" a fleeing suspect who "had neither threatened [officers] nor committed a serious offense, and . . . didn't appear to have a weapon." 873 F.3d 1123, 1130 (9th Cir. 2017).

Here, Oneal admitted that he was walking away from officers as they approached him and commanded him to get out of the street. At a minimum, *Jones* could lead an officer in Roberts's position to reasonably conclude that the initial Taser deployment would not be excessive under the circumstances. *Cf. Bryan v. MacPherson*, 630 F.3d 805, 833 (9th Cir. 2010) (concluding a reasonable officer in the same position as the defendant "could have made a reasonable mistake of law regarding the constitutionality of the Taser use [under] the circumstances"). Therefore, our precedent does not clearly establish that Defendant's initial Taser use violated Plaintiff's Fourth Amendment rights.

Second, Oneal avers that Roberts's use of the Taser for pain compliance to handcuff Plaintiff violated clearly established law. Again, without deciding whether this force was excessive, *see Pearson*, 555 U.S. at 236, we conclude that *Jones* does not show that Defendant's conduct violated a clearly established right. *See Jones*, 873 F.3d at 1130–31 (finding that continuous, repeated, and simultaneous use of Tasers for more than *ninety* seconds presented a triable issue regarding excessive force). Therefore, Roberts is entitled to qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

2. Plaintiff next maintains that the existence of NMI to make him fall means that he continued to experience NMI while on the ground and that is why he did not remove his hands from underneath his body. However, Oneal does not recall

3

being tased while on the ground and has not provided evidence upon which a reasonable jury could rely that his arms were incapacitated when Roberts continued to tase him. Absent that evidence, there is no genuine dispute about whether Oneal was resisting arrest. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) (citing *Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir. 1995)) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment."). Thus, this issue was ripe for summary judgment. *See* Fed. R. Civ. P. 56(a).

Accordingly, we affirm the judgment of the district court.[1]

**AFFIRMED.**

---

[1] Oneal's Stipulated Motion to Modify the Record on Appeal is granted. *See* Dkt. 15.